UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANTIAGO RIOS,<br>Individually and on behalf of all others similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>WCA WASTE CORPORATION<br><br>*Defendant.* | § § § § § § § § § § § § § | Civil Action No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. §216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Santiago Rios brings this action individually and on behalf of all current and former waste disposal drivers (hereinafter "Plaintiff and the Putative Class Members") who worked for WCA Waste Corporation (hereinafter "WCA"), at any time from three years preceding the filing of the Original Complaint through the final disposition of this matter, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1. This is a collective action pursuant to the FLSA, 29 U.S.C. §§ 201 *et. seq.*, to recover unpaid wages, overtime wages, and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for WCA anywhere in the United States within their relevant statutes of limitations through the final disposition of this matter, and were not paid for all hours worked and were not paid the correct amount of overtime compensation in violation of state and federal law.

3. Plaintiff and the Putative Class Members allege that WCA failed to pay for all hours worked and further failed to pay the proper amount of overtime in accordance with the FLSA and state laws for the three-year period preceding the filing of the Original Collective Action Complaint and through the final disposition of this matter. WCA's violations are described as follows.

4. WCA violated (and continues to violate) the FLSA and applicable state laws by automatically deducting 30-minute meal periods from Plaintiff and the Putative Class Members' daily hours worked, despite knowing that Plaintiff and the Putative Class Members routinely worked (and continue to work) throughout their designated 30-minute meal periods each day.

5. WCA violated (and continues to violate) the FLSA and applicable state laws by permitting and encouraging its waste disposal drivers, including Plaintiff and the Putative Class Members, to perform pre-trip and post-trip work duties "off-the-clock" and without pay.

6. Accordingly, WCA violated (and continues to violate) the FLSA and applicable state laws by failing to pay their waste disposal drivers across the United States, including Plaintiff and the Putative Class Members, time and one-half for each hour worked in excess of 40 hours per workweek as is required by the FLSA.

7. The decision by WCA not to pay Plaintiff and the Putative Class Members for all hours worked was neither reasonable or in good faith.

8. WCA knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

9. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or any applicable state laws.

10. Plaintiff and the Putative Class Members therefore seek to recover all unpaid compensation, overtime and other damages owed under the FLSA (and applicable state laws) as a collective action pursuant to 29 U.S.C. § 216(b).

11. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

12. Plaintiff Santiago Rios ("Rios") worked at WCA's Deltona, Florida facility during the relevant time period. Plaintiff Rios's written consent to be a party plaintiff in this action is attached hereto as Exhibit "A."

13. The Putative Class Members represent WCA's non-exempt current and former waste disposal drivers throughout the United States who performed the same or similar work as Plaintiff, and were subjected to the same or similar payment policies as Plaintiff Rios during the relevant time period.

14. Defendant WCA Waste Corporation ("WCA") is a for-profit corporation incorporated in the State of Delaware with its principle office in the State of Texas. WCA may be served with process by serving its registered agent, **Corporation Service Company d/b/a CSC-Lawyers Inc. at 211 E. 7th Street, Suite 620, Austin, Texas 78707**.

## III.
## JURISDICTION AND VENUE

15. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201, *et seq*.

16. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

17. Specifically, WCA is headquartered in Houston, Harris County, Texas, which is within this District and Division.

18. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## STATEMENT OF FACTS

### A. WCA'S NATIONWIDE OPERATIONS

19. WCA is a full service, non-hazardous solid waste company providing waste collection, recycling and disposal services to commercial, industrial and residential customers throughout the United States.[1]

20. Specifically, WCA currently has operations in Texas, New Mexico, Colorado, Oklahoma, Kansas, Missouri, Arkansas, Louisiana, Tennessee, Alabama and Florida.[2]

### B. PLAINTIFF AND THE PUTATIVE CLASS MEMBERS ARE (OR WERE) WASTE DISPOSAL DRIVERS

21. WCA has residential, commercial, and industrial lines of business that employ waste disposal drivers throughout the United States.

22. Plaintiff and the Putative Class Members are (or were) non-exempt waste disposal drivers employed by WCA for the relevant time-period preceding the filing of this complaint through the final disposition of this matter.

23. Importantly, none of the FLSA or state law exemptions relieving a covered employer (such as WCA) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Class Members.

---

[1] *See* https://wcawaste.com.

[2] *See* https://wcawaste.com/locations.

24. Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of WCA resulting in the complained of FLSA and applicable state law violations throughout the United States.

## C. WCA'S COMPANY-WIDE POLICY OF DEDUCTING MEAL PERIODS

25. WCA has a policy that waste disposal drivers such as Plaintiff and Putative Class Members automatically have 30 minutes per day for a meal period deducted from his or her hours worked.

26. WCA was (and continues to be) aware that Plaintiff and the Putative Class Members regularly worked (and continue to work) through their 30-minute meal periods without pay in violation of the FLSA.

27. When calculating Plaintiff and the Putative Class Members' hours each pay period, WCA deducted (and continues to deduct) 30 minutes from Plaintiff and the Putative Class Members' daily on-the-clock hours in violation of the FLSA and applicable state laws.

28. In other words, for each 5-day workweek, WCA deducted (and continues to deduct) a minimum of 2.5 hours from each workweek's total "on-the-clock" hours. For a 6-day workweek, WCA deducted (and continues to deduct) a minimum of 3 hours from each workweek's total "on-the-clock" hours.

29. WCA's systematic deduction of the 30-minute meal period from Plaintiff and the Putative Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Class Members working overtime hours for which they were (and are) not compensated in violation of the FLSA and applicable state laws.

30. WCA's systematic deduction of the 30-minute meal period from actual hours worked in excess of 40 hours per workweek deprived (and continues to deprive) Plaintiff and the Putative

Class Members of the required and proper amount of overtime pay in violation of the FLSA and applicable state laws.

### D. WCA FAILS TO COMPENSATE PLAINTIFF AND PUTATIVE CLASS MEMBERS FOR OVERTIME HOURS WORKED "OFF THE CLOCK"

31. As part of their job responsibilities, Plaintiff and the Putative Class Members have pre and post-trip responsibilities that they are required to perform at the beginning and end of each work shift.

32. Plaintiff and the Putative Class Members' pre and post-trip responsibilities are integral and indispensable to their core job duties.

33. Plaintiff and the Putative Class Members' pre and post-trip responsibilities are not *de minimis* in nature.

34. Plaintiff and the Putative Class Members performed (and continue to perform) their pre and post-trip responsibilities "off the clock."

35. WCA knew and at times encouraged Plaintiff and the Putative Class Members to perform their pre and post-trip responsibilities "off the clock" in violation of the FLSA and applicable state laws.

36. WCA did not (and does not) compensate Plaintiff and the Putative Class Members for performing their pre and post-trip responsibilities "off the clock."

37. As a result of WCA's failure to compensate Plaintiff and the Putative Class Members for performing their pre and post-trip responsibilities "off the clock," Plaintiff and the Putative Class Members worked overtime hours for which they were not compensated.

38. WCA's failure to compensate Plaintiff and the Putative Class Members for their "off the clock" overtime hours violated (and continues to violate) the FLSA and applicable state laws.

39. Plaintiff and the Putative Class Members were subjected to (and continue to be subjected to) the same or substantially similar policy, practice or scheme that required them to perform their pre and post-trip responsibilities "off the clock," as described above.

40. WCA knew or should have known that it was miscalculating Plaintiff and the Putative Class Members' regular rates of pay and that the proper amount of overtime compensation was not being paid to Plaintiff and the Putative Class Members in violation of the FLSA and applicable state laws.

41. WCA knew or should have known that its failure to pay the correct amount of overtime to Plaintiffs and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

42. WCA knew or should have known that causing and/or requiring Plaintiff and the Putative Class Members to perform necessary work "off the clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

43. WCA's actions therefore constitute willful violations under the FLSA and applicable state laws and were not made in good faith.

## V.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A.    FLSA COVERAGE**

44. All previous paragraphs are incorporated as though fully set forth herein.

45. The FLSA Collective is defined as:

**ALL WASTE DISPOSAL DRIVERS EMPLOYED BY WCA WASTE CORPORATION, THROUGHOUT THE UNITED STATES, AT ANY TIME FROM MAY 9, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

46. At all material times, WCA has been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

47. At all material times, WCA has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA because WCA has had and continues to have employees engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

48. Specifically, WCA operates on interstate highways, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

49. At all material times, Plaintiff and the Putative Class Members are (or were) employees who engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206–07.

50. At all material times, WCA has had (and continues to have) an annual gross business volume in excess of the statutory minimum of $500,000.00. 29 U.S.C. § 203(s)(1).

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

51. WCA violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(2)(a), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

52. Moreover, WCA knowingly, willfully and in reckless disregard carried out their illegal pattern of (a) deducting 30-minute meal breaks from Plaintiff and the Putative Class Members' "on-the-clock" time regardless of whether Plaintiff and the Putative Class Members actually worked

through that meal period and (b) causing Plaintiff and the Putative Class Members to perform their pre and post-trip inspections "off-the-clock", thereby failing to pay Plaintiff and other similarly situated employees the required amount of overtime compensation. 29 U.S.C. § 255(a).

53. WCA knew or should have known its pay practices were in violation of the FLSA.

54. WCA is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

55. Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted WCA to pay according to the law.

56. The decision and practice by WCA to cause and/or require Plaintiff and the Putative Class Members to (a) deduct thirty minutes from their daily hours even though they worked during this time and (b) perform their pre and post trip-inspections "off-the-clock" was neither reasonable nor in good faith.

57. Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.    COLLECTIVE ACTION ALLEGATIONS**

58. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff Rios.

59. Other similarly situated employees have been victimized by WCA's patterns, practices, and policies, which are in willful violation of the FLSA.

60. The Putative Class Members are defined in Paragraph 45.

61. WCA's systematic failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Putative Class Members.

62. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

63. The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

64. All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

65. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Putative Class Members are non-exempt, blue-collar waste disposal drivers entitled to overtime after forty (40) hours in a workweek.

66. WCA has employed (and continues to employ) thousands of waste disposal drivers throughout the United States during the past three years.

67. Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and WCA will retain the proceeds of its rampant violations.

68. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

69. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined in Paragraph 45 and notice should be promptly sent.

# VI.
# RELIEF SOUGHT

70. Plaintiff respectfully prays for judgment against WCA as follows:

   a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 45 and requiring

WCA to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

  b. For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

  c. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

  d. For an Order pursuant to Section 16(b) of the FLSA finding WCA liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

  e. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) the costs and expenses of this action;

  f. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) attorneys' fees;

  g. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

  h. For an Order awarding Plaintiff Rios a service award as permitted by law;

  i. For an Order compelling the accounting of the books and records of WCA; and;

  j. For an Order granting such other and further relief as may be necessary and appropriate.

Date:   May 9, 2018                    Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:   /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
**George Schimmel**
Federal I.D. No. 2338068
Texas Bar No. 24033039
geordie@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**Attorneys in Charge for Plaintiff and the Putative Class Members**